UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENJAMIN WINCKLER, Individually and on Behalf of All Others Similarly Situated,<br><br>                 Plaintiff,<br><br>vs.<br><br>ACTIVISION BLIZZARD, INC., ROBERT A. KOTICK, SPENCER NEUMANN and COLLISTER JOHNSON,<br><br>                 Defendants. | Civil Action No. 1:19-cv-02095-LAP<br><br><u>CLASS ACTION</u><br><br>MEMORANDUM OF LAW IN SUPPORT OF U.A. LOCAL NO. 393 DEFINED BENEFIT PENSION AND DEFINED CONTRIBUTION PLANS' MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL |

1543376_1

Class member and proposed lead plaintiff U.A. Local No. 393 Defined Benefit Pension Plan and Defined Contribution Plans ("Local No. 393") respectfully submits this memorandum of law in support of its motion for an order appointing Local No. 393 as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4, *et seq*., and approving Local No. 393's selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Lead Counsel for the proposed class.

## I.     INTRODUCTION

This action was brought on March 6, 2019, on behalf of investors who purchased or acquired Activision Blizzard, Inc.'s ("Activision or the "Company") securities from August 2, 2018 through January 10, 2019 (the "Class Period").[1]  In securities class actions like these, the PSLRA directs courts to appoint as lead plaintiff the class member it "determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  Here, Local No. 393 is the "most adequate plaintiff" to represent the putative class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). Local No. 393 has a significant financial interest in the relief sought by the class in this case – an interest believed to be greater than that of any competing movant.  And, Local No. 393 meets the typicality and adequacy requirements set out in Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), because its claims are typical of those of absent class members and Local No. 393 will fairly and adequately represent the interests of the proposed class.  Local No. 393 has also selected Robbins Geller to serve as lead counsel for the putative class in the event its motion is granted.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  Local No. 393's chosen counsel has extensive experience in the

---

[1]     Two related identical class actions were also filed in the United States District Courts for the Central District of California and the Northern District of Illinois:  (1) *Labade v. Activision Blizzard, Inc.*, No. 2:19-cv-00423 (C.D. Cal.) (filed 01/18/19); and (2) *Hamano v. Activision Blizzard, Inc.*, No. 1:19-cv-01741 (N.D. Ill.) (filed 03/12/19).  Local No. 393 is also filing motions for appointment as lead plaintiff in these cases.

1543376_1

prosecution of complex securities class actions, is conveniently located in New York, and the Court may be assured that by granting this motion and approving Local No. 393's choice of counsel, the class will receive the highest caliber of legal representation. *See, e.g.*, §III.B, *infra*.

Accordingly, Local No. 393 should be appointed Lead Plaintiff and its selection of counsel should be approved.

## II.   STATEMENT OF FACTS

The complaint alleges that Activision develops and distributes content and services on video game consoles, personal computers (PC), and mobile devices. On April 29, 2010, the Company announced its entry, through its wholly-owned subsidiary Activision Publishing, Inc., into an agreement with Bungie, Inc. ("Bungie"), the developer of blockbuster game franchises including Halo, Myth, and Marathon. The agreement with Bungie gave Activision exclusive rights to publish and distribute video games developed by Bungie for the next ten years.

The partnership between Activision and Bungie yielded the commercially successful Destiny franchise, a series of science fiction-themed video games. In September 2014, Activision released Destiny, the first installment in the franchise, developed by Bungie. Activision announced that the Company sold $500 million of Destiny units into retail stores and first parties worldwide on the first day of its release, making the game the largest video game franchise launch in history at that time. Over the following two years, Bungie developed and Activision released four expansions for Destiny. In September 2017, Activision released a full sequel, Destiny 2. On September 15, 2017, Activision announced that Destiny 2 had "surpassed the original's records for engagement and digital sales in launch week." ECF No. 1 at ¶4. To date, Bungie has developed and Activision has released three expansions for Destiny 2.

The complaint alleges that throughout the Class Period, defendants made materially false and misleading statements regarding the Company's business, operational, and compliance policies.

1543376_1

Specifically, defendants made false and/or misleading statements and/or failed to disclose that: (i) the termination of Activision and Bungie's partnership, giving Bungie full publishing rights and responsibilities for the Destiny franchise, was imminent; (ii) the termination of the two companies' relationship would foreseeably have a significant negative impact on Activision's revenues; and (iii) as a result, Activision's public statements were materially false and misleading at all relevant times.

On January 10, 2019, Activision and Bungie announced the end of their business relationship. That same day, in a Securities and Exchange Commission filing, Activision stated that Bungie "would assume full publishing rights and responsibilities for the Destiny franchise. Going forward, Bungie will own and develop the franchise." ECF No. 1 at ¶6.

Following these announcements, the Company's stock price fell $4.81 per share, or 9.37%, to close at $46.54 on January 11, 2019.

### III.  ARGUMENT

#### A.  Local No. 393 Should Be Appointed Lead Plaintiff

The PSLRA establishes a procedure for the appointment of a lead plaintiff in "each private action arising under [the Securities Exchange Act of 1934] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that –

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). Local 393 meets each of these requirements and should therefore be appointed Lead Plaintiff.

### 1. Local 393's Motion Is Timely

On January 18, 2019, notice of the first-filed *Labade* Action was published on *Globe Newswire* and advised class members of the pendency of the action, the alleged claims, the class definition, and the option of moving the Court to be appointed as lead plaintiff 60 days from January 18, 2019, or by March 19, 2019. *See* Declaration of David A. Rosenfeld in Support of Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel ("Rosenfeld Decl."), Ex. A. Thus, Local No. 393 filed within the applicable deadline and its motion should be considered for lead plaintiff appointment.

### 2. Local No. 393 Possesses the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, Local No. 393 purchased 95,700 shares of Activision securities at prices artificially inflated by defendants' alleged misconduct and lost approximately $1,345,867 under the first-in, first-out (FIFO) accounting method and $1,234,712 under the last-in, first-out (LIFO) accounting method. *See* Rosenfeld Decl., Exs. B, C. To the best of its counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, Local No. 393 satisfies the PSLRA's prerequisite of having the largest financial interest in the relief sought by the class.

### 3. Local No. 393 Otherwise Satisfies Rule 23

In addition to having the largest financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). "At the lead plaintiff stage of the litigation, in contrast to the class certification stage, 'a proposed lead plaintiff need only make a "preliminary showing" that it will satisfy the typicality and adequacy requirements of Rule 23.'" *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173

(S.D.N.Y. 2010) (citation omitted).  "'Typicality "requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."'"  *Id*. at 173-74 (citation omitted); *see also* Fed. R. Civ. P. 23(a)(3).  "'The adequacy requirement is satisfied where the proposed Lead Plaintiff does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class . . . .'"  *Sgalambo*, 268 F.R.D. at 174 (citation omitted); *see also* Fed. R. Civ. P. 23(a)(4).

Here, Local No. 393's claims are typical because, like all members of the putative class, it purchased Activision securities during the Class Period at prices artificially inflated by defendants' materially false and misleading statements and suffered damages when the truth was revealed.  Local No. 393's claims therefore arise from the same course of events as all class members and will require similar (if not identical) legal arguments in order to prove defendants' liability.  Thus, Local No. 393 satisfies the typicality requirements of Rule 23(a)(3).

Local No. 393 is also an adequate representative for the proposed class.  Its substantial financial interest in the outcome of the action demonstrates that its interests are aligned with those of the class.  Moreover, Local No. 393, as an institutional investor, is precisely the type of investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA:  "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members." *In re Cendant Corp. Litig*., 264 F.3d 201, 273 (3d Cir. 2001); *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291, 294 (S.D.N.Y. 2010) ("The drafters of the PSLRA sought to

reduce the influence of lawyers on class action securities suits by weighting the determination of lead plaintiff in favor of large institutional investors."); *see also Rozenboom v. Van Der Moolen Holding, N.V.*, No. 03 Civ. 8284(RWS), 2004 WL 816440, at *2 (S.D.N.Y. Apr. 14, 2004) (citing congressional intent to encourage institutional investors to serve as lead plaintiffs).  Moreover, Local No. 393 has selected highly experienced counsel committed to zealously and efficiently prosecuting this action to a successful conclusion.  Thus, Local No. 393 satisfies the adequacy requirements of Rule 23(a)(4).

Because Local No. 393 is the presumptive "most adequate plaintiff" under the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), and no competing movant can rebut that presumption, Local No. 393 should be appointed Lead Plaintiff.

### B. Local No. 393's Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  This Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).  Here, Local No. 393 has selected Robbins Geller to serve as lead counsel for the proposed class.  *See* Rosenfeld Decl., Ex. D.

With more than 200 attorneys in offices nationwide, including within this District, Robbins Geller possesses substantial experience in complex securities litigation.  District courts throughout the nation have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of complex securities class action cases.  *See, e.g., Sgalambo*, 268 F.R.D. at 174, 177 (appointing Robbins Geller lead counsel and noting its "substantial securities class action experience"); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (Harmon, J.) (commenting that the "experience, ability, and reputation of the attorneys of [Robbins Geller] is not disputed; it is one of the most successful

law firms in securities class actions, if not the preeminent one, in the country"). Rosenfeld Decl., Ex. D.

Thus, the Court can be assured that by approving Local No. 393's choice of Robbins Geller as lead counsel the putative class will receive the highest caliber of representation.

## IV.   CONCLUSION

Local No. 393 timely filed this motion seeking appointment as lead plaintiff, possesses the largest financial interest in this litigation of any qualified plaintiff of which its counsel is aware, and will fairly and adequately represent the interests of the putative class.  Local No. 393 has also retained counsel with the resources and experience necessary to adequately represent the interests of the class in this action.  For these reasons, Local No. 393 respectfully requests that the Court appoint it as Lead Plaintiff and approve its selection of Robbins Geller as Lead Counsel for the class.

DATED:  March 19, 2019              Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD


                                                *s/ David A. Rosenfeld*
                                    DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
TRICIA L. McCORMICK
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
triciam@rgrdlaw.com
jsanchez@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on March 19, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

    s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
    & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com

1543376_1

# Mailing Information for a Case 1:19-cv-02095-LAP Winckler v. Activision Blizzard, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **William Scott Holleman**
  ScottH@johnsonfistel.com,paralegal@johnsonfistel.com

- **Mark Levine**
  mlevine@ssbny.com

- **Erin Carey Trenda**
  etrenda@cooley.com,kjones@cooley.com,rblair@cooley.com,efiling-notice@ecf.pacerpro.com,chourani@cooley.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`