# Cooley

April 2, 2019

Honorable Loretta A. Preska
United States District Court
Southern District of New York
United States Courthouse
500 Pearl St., Room 2220
New York, NY 10007-1312

**Re: *Winckler v. Activision Blizzard, Inc. et al.*, Case No. 1:19-cv-02095-LAP**

Dear Judge Preska:

Counsel for Defendants Activision Blizzard, Inc., Robert A. Kotick, and Collister Johnson ("Moving Defendants"), write to notify the Court that neither Plaintiff Benjamin Winckler nor any of the Lead Plaintiff movants filed a response to the Moving Defendants' Motion to Transfer (Dkt. 11) by the April 1, 2019 deadline in our March 22, 2019 letter (Dkt. 25).[1]  As a result, we believe the Motion to Transfer is unopposed and, therefore, no reply letter brief is needed.

Accordingly, as set forth in the Motion to Transfer, we respectfully request that the Court transfer this matter to the U.S. District Court for the Central District of California.[2]

Sincerely,

Cooley LLP

*/s/ Erin Trenda*

Erin Trenda (4705091)

---

[1] Robbins Geller Rudman & Dowd LLP's attempt to stay the Motion to Transfer pending a decision on a motion before the Judicial Panel on Multidistrict Litigation (Dkt. 27) was denied by the Court on April 1, 2019 (Dkt. 29).

[2] In another coordinated attempt by plaintiffs' counsel to keep this case out of the Central District of California, the plaintiff in the first-filed action – *Labade v. Activision Blizzard, Inc.*., No. 2-19-cv-00423 (C.D. Cal.) – voluntarily dismissed the action on March 29, 2019, nearly two weeks ***after*** the Moving Defendants filed their pre-motion letter with the Court.  This should not impact the Court's Section 1404 analysis in any way.  *See, e.g., Preston v. Amer. Honda Motor Co.,* 2017 WL 5001447, at *7 (N.D. Ill. Nov. 2, 2017) (transferring action to C.D. Cal. under Section 1404, notwithstanding voluntary dismissal of pending class actions, because "both actions were voluntarily dismissed without prejudice, meaning that they may well be reinstituted within the life cycle of this litigation"); *Wireless Consumers All., Inc. v. T-Mobile USA, Inc.*, 2003 WL 22387598, at *4-6 (N.D. Cal. Oct. 14, 2003) (transferring duplicative action under Section 1404, notwithstanding that original action was no longer pending, where C.D. Cal. Local Rule 83-1.2.[1] ensured that the same judge who presided over original action would receive duplicative action).